KAB

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Domonick Deshaun McCoy, Sr., | No. CV 13-2232-PHX-DGC (SPL) |
| Plaintiff, | |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Domonick Deshaun McCoy, Sr., who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will grant the Application to Proceed and dismiss Counts One, Three, Four, Five, and Six and Defendants Charles L. Ryan, Richard Pratt, Warden R. Allen Bock, Sergeant Atwood, Deputy Warden Currier, John Doe #1, and John #2. The Court will grant Plaintiff 60 days from the filing date of this Order in which to file a notice of substitution for John Doe #3.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $3.70. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a

**JDDL**

separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.   Complaint**

In his Complaint, Plaintiff alleges six counts.  Defendants are: (1) Charles L. Ryan, (2) Richard Pratt, (3) Warden R. Allen Bock, (4) Sgt. Atwood (C.O. II); (5) Deputy Warden Kimberly Currier, (6) John Doe #1 – officer with Sgt. Atwood on August 30, 2012, (7) John Doe #2 – officer with Sgt. Atwood on August 30, 2012, and (8) John Doe #3 – officer working control bubble in building #2 on August 30 2012.

In Count One, Plaintiff alleges as follows:  On August 30, 2012, Plaintiff was on the recreational field at Barchy Unit of Lewis Prison and was "viciously assaulted" by an unknown inmate.  Plaintiff's jaw was broken in two places and the assailant disappeared into a crowd of inmates.  A few minutes later, three or four officers ran onto the field, led by Sergeant Atwood.  Atwood saw Plaintiff holding his face with both hands and asked who was fighting.  Plaintiff raised his hand and Atwood told him to "quit horse-playing."  Plaintiff could not speak and was confused.  Plaintiff sat on the ground.  As Sergeant Atwood walked away, he muttered to John Doe #1 and John Doe #2, "freaking clowns deserve what they get."  Sergeant Atwood and the other officers left Plaintiff there.  Plaintiff alleges that Sergeant Atwood, John Doe #1 and John Doe #2 knew Plaintiff was injured, but did not help him.  Plaintiff alleges that, as a result of these actions, Sergeant Atwood, John Doe #1 and John Doe #2 were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment.

In Count Two, Plaintiff alleges as follows: On August 30, 2012, John Doe #3 was working in a control booth in building #2.  After being assaulted by the unknown inmate on the recreational field, Plaintiff went to the control booth and "mumbled" to John Doe #3 that he needed medical attention and pointed to his dislocated jaw.  John Doe #3 then yelled at Plaintiff indicating that he did not take Plaintiff seriously and returned to his work.  Plaintiff then wrote on a piece of paper in big letters "My jaw is badly broken.  I need help."  John Doe #3 responded that he would not deal with Plaintiff's problem "today."  Plaintiff then lay down on the floor outside the control bubble in view of John

1  Doe #3. Plaintiff did not receive medical treatment for two days. Plaintiff alleges that
2  John Doe #3 was deliberately indifferent to his medical needs in violation of the Eighth
3  Amendment.

4  In Count Three, Plaintiff alleges as follows: After being denied medical treatment
5  by John Doe #3, Plaintiff returned to his bed and begged "CO II" to call medical. The
6  CO left and returned to tell Plaintiff that Sergeant Atwood instructed that Plaintiff should
7  submit an "Emergency Health Needs Request." Thereafter, every officer from whom
8  Plaintiff requested help responded that Sergeant Atwood told them not to take Plaintiff to
9  medical and medical would see Plaintiff when they had time. On September 1, 2012,
10 Plaintiff was taken to medical and x-rays confirmed that Plaintiff had two jaw breaks.
11 Plaintiff was then transported to St. Luke's Hospital, where he remained for nine days.
12 Plaintiff alleges that Sergeant Atwood "for the second time" displayed deliberate
13 indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

14 In Count Four, Plaintiff alleges as follows: Defendant Charles L. Ryan is "well
15 aware" of the facts that led to Plaintiff's pain and suffering and he has failed to take steps
16 to provide an adequate medical care system, including failing to provide trained security
17 officers who are willing to treat Plaintiff's broken jaw and requiring Sergeant Atwood to
18 follow the rules. Ryan has failed to take steps to provide adequate security staff to
19 address inmate injuries or to provide "adequate staff to allow [Plaintiff's] due process
20 right to use the Grievance System per policy." To this day, Plaintiff has an uneven "bite"
21 and pain in his teeth. Although CO IV Baca waived the time for Plaintiff to file a
22 grievance, Defendants Bock and Currier, and "ultimately Director Ryan," would not rule
23 on the merits of Plaintiff's complaints due to "time issues." Plaintiff alleges that
24 Defendant Ryan violated his Eighth Amendment rights.

25 In Count Five, Plaintiff alleges as follows: Defendant Richard Pratt, the Director
26 of Division of Health Services "at the time of the incident," was responsible for ensuring
27 that Plaintiff received adequate health services for his injury. On September 5, 2012,
28 Plaintiff was taken to complex medical. After a brief look at Plaintiff's jaw, the nurse

asked Plaintiff whose fist he had run into. Plaintiff mumbled that he was assaulted and, if he tried to open his mouth, his jaw would flop to one side. The nurse told Plaintiff there was nothing she could do until she saw x-rays. Plaintiff was not seen by a doctor and was given four ibuprofen for pain. After fifty hours, Plaintiff was taken to St. Luke's Hospital in Tempe, Arizona, where the doctor confirmed that his jaw had been broken in two places. Plaintiff alleges that "[d]ue to Richard Pratt [and] his medical staff, and their deliberate indifference to [Plaintiff's] needs, [he] suffered unbearable pain, no way to eat food for several days, and teeth loss." Plaintiff alleges that "the medical staff and Richard Pratt" violated his Eighth Amendment rights by not providing him with medical care.

In Count Six, Plaintiff alleges as follows: Defendant Deputy Warden Currier failed to provide adequate staff or qualified medical personnel to care for Plaintiff and, "when advised of serious malfunctions, she denied [Plaintiff] any due process via inmate grievance." Due to Plaintiff's stay in St. Luke's Hospital and Stiner Detention Unit, he was unable to timely file grievances to voice his complaints. Plaintiff was forced to file a memorandum for extension of time and receive permission from CO IV Baca, who granted his request for an extension of time to file a grievance. Plaintiff attached a copy of the memorandum to the grievance and appeal to show that he had official permission to file late, but Deputy Warden Currier and Warden Bock never responded in a timely manner. Currier is well-aware of the inadequate medical staff at Lewis Complex, Barchy Unit and is aware of Sergeant Atwood's history of medical neglect to inmates. Both Currier and Bock fail to provide the Detention Units with informal resolution forms, grievance forms, or set any system in place to allow inmates to grieve an issue.

As relief, Plaintiff seeks to have all of his future medical needs treated by adequate medical staff, compensatory damages in the amount of $200,000, and punitive damages.

**IV.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities

and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Defendants Atwood, John Doe #1, and John Doe #2

Plaintiff alleges two claims of deliberate indifference to serious medical needs against Defendant Atwood in Counts One and Three. In Count One, Plaintiff also alleges that John Doe #1 and John Doe #2 acted with deliberate indifferent to Plaintiff's serious medical needs.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with

JDDL

- 6 -

1  medical treatment or by the way prison doctors respond to the prisoner's medical needs.
2  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

3  Deliberate indifference is a higher standard than negligence or lack of ordinary
4  due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor
5  gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*
6  *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,
7  622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
8  "medical malpractice" do not support a claim under § 1983). "A difference of opinion
9  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."
10 *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care,
11 without more, is insufficient to state a claim against prison officials for deliberate
12 indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
13 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of
14 "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

15 In Count One, Plaintiff alleges that he was attacked by another inmate, the other
16 inmate ran away, and Atwood, John Doe #1, and John Doe #2 arrived and asked who had
17 been fighting. Plaintiff raised his hand and Atwood told Plaintiff to "quit horse-playing."
18 Plaintiff was holding his hands to his face and Atwood, John Doe #1, and John Doe #2
19 walked away laughing and Atwood said "freaking clowns deserve what they get." These
20 allegations do not state a claim for deliberate indifference to medical needs. It is not
21 clear from these allegations that Atwood, John Doe #1, or John Doe #2 knew that
22 Plaintiff had a serious medical need or that Atwood, John Doe #1, or John Doe #2 was
23 deliberately indifferent to that medical need.

24 In Count Three, Plaintiff alleges that unspecified officers told Plaintiff that
25 Sergeant Atwood told him to fill out an emergency health needs request and that medical
26 would see Plaintiff when they had time. Again, Plaintiff fails to state a claim for
27 deliberate indifference to serious medical needs against Defendant Atwood. Plaintiff's
28 allegation that officers said that Atwood said that Plaintiff should fill out an emergency

JDDL

health needs request and that medical would see Plaintiff when they had time do not demonstrate that Atwood was acting with deliberate indifference to Plaintiff's serious medical needs.

Accordingly, Defendants Atwood, John Doe #1, and John Doe #2 will be dismissed.

### B.     Defendants Ryan, Bock, and Currier

In Count Four, Plaintiff alleges that Defendant Ryan is "well-aware" of the acts that led to Plaintiff's pain and suffering and Ryan's failure to provide adequate security staff to address inmate injuries or to provide an adequate staff to allow Plaintiff his "due process right to use the Grievance system per policy" violates his Eighth Amendment rights.

In Count Six, Plaintiff alleges that Defendants Bock and Currier are well aware of the inadequate medical staff at Lewis Complex and Sergeant Atwood's history of medical neglect. Plaintiff further alleges that Bock and Currier violated his due process rights when Plaintiff "attempted to seek help utilizing the grievance process."

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citation omitted). Further, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

. . . .

Plaintiff does not allege that Ryan, Bock, or Currier was personally involved in the deprivation of any of Plaintiff's constitutional rights. Rather, Plaintiff makes conclusory and vague allegations that those Defendants knew that security and medical staff were inadequate. Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*. To the extent Plaintiff is attempting to state a claim based on deliberate indifference to serious medical needs against Ryan, Bock, or Currier, Plaintiff has failed to state a claim upon which relief can be granted and those claims will be dismissed.

Moreover, while Plaintiff's allegations about the grievance process are confusing and contradictory, Plaintiff appears to argue that he was denied due process in using the grievance process.

Prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations omitted), and the failure to follow grievance procedures does not give rise to a due process claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citation omitted); *Flournoy v. Fairman*, 897 F.Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

At certain points in his Complaint, Plaintiff suggests that Defendants Bock and Currier failed to provide Plaintiff with grievance forms or to set any system in place to

grieve an issue. However, those allegations are contradicted by Plaintiff's allegations that he submitted a grievance, a prison employee granted him an extension of time to file a grievance, and that Bock and Currier failed to respond to Plaintiff's grievance. Bock and Currier's alleged failure to respond to Plaintiff's grievance is insufficient to state a claim for denial of the right to petition for redress of grievances. Therefore, to the extent that Plaintiff seeks relief against Defendants for non-compliance with grievance procedures, he fails to state a claim.

Accordingly, Defendants Ryan, Bock, and Currier will be dismissed.

### C. Defendant Pratt

In Count Five, Plaintiff alleges that, on September 5, 2012, an unnamed nurse at Complex Medical was deliberately indifferent to his serious medical needs. Plaintiff has not named any individual member of the medical staff as a Defendant in this case. Rather, Plaintiff asserts that Richard Pratt, the Director of Division Health Services, is responsible for ensuring that Plaintiff received adequate health services for his injuries. As discussed above, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Plaintiff makes no allegations that Pratt participated in, directed, knew of, or failed to act to prevent violations of Plaintiff's constitutional rights. Accordingly, Pratt will be dismissed.

Moreover, even if Plaintiff had properly named the nurse who he claims was deliberately indifferent to his serious medical needs in Count Five, Plaintiff fails to state a claim for deliberate indifference to serious medical needs in Count Five. Plaintiff alleges that he went to complex medical, a nurse examined him and said there was nothing she could do until she got the results of the x-rays, and gave Plaintiff ibuprofen for pain. These allegations do not show that the nurse was deliberately indifferent to Plaintiff's serious medical needs.

. . . .

. . . .

### V. Claims for Which an Answer Will be Required

Plaintiff sufficiently states a claim in Count Two for deliberate indifference to his serious medical needs against John Doe #3, an officer working in a control booth in building #2 at the Arizona State Prison Complex-Lewis Barchy Unit on August 30, 2012. As discussed below, Plaintiff will be granted sixty days in which to file a notice of substitution as to John Doe #3.

### VI. Service on the Doe Defendant Cannot be Completed at this Time

Plaintiff sues a fictitiously-named Defendant, John Doe #3, an officer working in a control booth in building #2 at the Arizona State Prison Complex-Lewis Barchy Unit on August 30, 2012. The use of anonymous type appellations to identify defendants is generally disfavored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant. Thus, although Plaintiff has alleged claims with enough specificity to require an answer, the Court cannot direct that service be made on the Doe Defendant at this time.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). The Court will allow Plaintiff sixty days in which to discover the actual names of the Doe Defendant, through *subpoena* or otherwise, and to substitute his or her actual name by filing a "notice of substitution." *See Wakefield,* 177 F.3d at 1163. Failure to timely file a notice of substitution will result in the dismissal of the Doe Defendant without prejudice.

. . . .

. . . .

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $3.70.

1        (3)     Counts One, Two, Four, Five, and Six are **dismissed** without prejudice.

2        (4)     Defendants Ryan, Pratt, Bock, Atwood, Currier, John Doe #1, and John Doe #2 are **dismissed** without prejudice.

3        (5)     Plaintiff is granted **60** days from the filing of the date of this Order in which to discover by subpoena or otherwise the identity of Defendant John Doe #3 and to file a "notice of substitution" providing the Defendant's name in place of John Doe #3.

4        (6)     The Clerk of Court must issue a subpoena in blank and send it to Plaintiff.

5        (7)     The Clerk of Court must enter judgment of dismissal for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a "notice of substitution" of parties within 60 days from the filing date of this Order.

Dated this 2nd day of December, 2013.

David G. Campbell
United States District Judge